IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARINDA DEVEAUX, | |
| Plaintiff, | |
| v. | No. 23-cv-14190 |
| UCHICAGO MEDICINE – MITCHELL HOSPITAL, CORINNE, | Judge Franklin U. Valderrama |
| Defendants. | |

## ORDER

Plaintiff Clarinda Deveaux (Deveaux) alleges that while at the University of Chicago Medical Center she sustained a personal injury. Deveaux, proceeding *pro se* sued Defendant the University of Chicago Medical Center (UCMC). R.[1] 19, Compl. Before the Court is UCMC's fully briefed motion to dismiss the complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). R. 23, Mot. Dismiss. For the reasons stated below, the Court grants the 12(b)(1) motion and dismisses Deveaux's claims in their entirety.

**Background**

On September 27, 2021, Deveaux was with her mother at the University of Chicago's Medical Center.[2] Compl. at ¶ 1. At some point Deveaux walked to the

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

[2]The Court accepts as true all of the well-pleaded facts in the Complaint and draws all reasonable inferences in favor of Deveaux. *St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir.

restroom. *Id.* When she pulled the doorhandle, "Nurse Corrine" pulled the door handle in the opposite direction "abruptly" causing Deveaux to be pulled back. *Id.* Consequently, her arm was extended and caused her pain. *Id.* Deveaux alleges that Nurse Corrine did this "intentionally." *Id.* Deveaux reported the incident to the Charge Nurse, but the Charge Nurse ignored her and "did not want" her in the hospital emergency room. *Id.* Deveaux was forced off the premises. *Id.*

Deveaux sued UCMC for violations of her "Civil Rights with respect to Public Accommodations," assault, and battery. *Id.* She seeks damages of $3 million from an alleged loss of income and decline in physical mobility. *Id.* at 2. UCMC moves to dismiss her complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## Legal Standard

### A. Subject Matter Jurisdiction: Fed. R. Civ. P. 12(b)(1)

A Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing subject matter jurisdiction. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014). When deciding a facial challenge to

---

2016) (internal citations omitted). Courts construe *pro se* complaints liberally, holding it to a less stringent standard than lawyer-drafted pleadings. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Deveaux has filed a "Historical Background of the Case" that is almost an exact duplicate of her Complaint, with the exception of crossing out the word "emergency room" in one allegation. R. 8, Historical Background of Case; R. 19, Complaint. The Court cites to the allegations in her Complaint, R. 19, which is the operative complaint, but acknowledges that they are both, in essence, the same.

subject matter jurisdiction—that is, when the defendant argues that the plaintiff's *allegations* as to jurisdiction are inadequate—"the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). But district courts may also "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether *in fact* subject matter jurisdiction exists." *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017) (emphasis added) (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009)). In that case, "no presumptive truthfulness attaches to plaintiff's allegations," and the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Apex Digital*, 572 F.3 at 444 (internal citations omitted).

### B. Failure to State a Claim: Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under FED. R. CIV. P. 12(b)(6) challenges the sufficiency of the complaint. *Hallinan*, 570 F.3d at 820. Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550

U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## Analysis

UCMC argues that this Court lacks subject matter jurisdiction over Deveaux's claims because (1) she has failed to plead any federal claims, as her claim for violation of her civil rights is conclusory and lacks factual support; (2) to the extent Deveaux is attempting to make a civil rights claim pursuant to Title II of the Civil Rights Act of 1964, she failed to comply with the procedural prerequisite of notifying the appropriate state agency; and (3) the Court lacks diversity jurisdiction over her state law claims of battery and assault because the parties are citizens of the same state. *See generally* R. 23, Mot. Dismiss. Deveaux does not dispute that diversity of citizenship is not satisfied, or that she failed to comply with the procedural requirements of Title II of the Civil Rights Act. *See generally* R. 30, Resp.[3] Deveaux instead responds that her battery claim is a "Federal Civil Law Battery Claim" that raises constitutional questions. Resp. at 1. UCMC replies that this assertion is insufficient, as Deveaux must point to a federal statute or constitutional provision under which she is suing. *See generally* R. 34, Reply. The Court agrees with UCMC.

By statute, Congress grants federal courts jurisdiction over two types of cases: those that "arise under" federal law, 28 U.S.C. § 1331, and those where there is diversity of citizenship and an amount-in-controversy requirement is met, *id.*

---

[3]Deveaux filed a "Motion to Deny Defendants," R. 30, Resp., which the Court construed as Deveaux's Response to the Motion to Dismiss. R. 33, Order. On August 11, 2025, the Court also granted Deveaux leave to file a sur-reply on or before September 10, 2025. R. 36, Order. To date, no sur-reply has been filed. Accordingly, the Court accepts the motion as fully briefed.

4

§ 1332(a). *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). In short, there are two means to establish federal jurisdiction: federal question and diversity. Deveaux alleges neither.

The Court begins with federal question jurisdiction. First, as UCMC points out, Deveaux's complaint fails to plausibly allege a basis for federal court jurisdiction. True, she alleges that UCMC's actions constitute a violation of a federal right to "Public Accommodation," but she fails to allege any facts in support of that conclusion. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citation omitted). Deveaux's conclusory allegations fail to allege a federal question under 28 U.S.C. § 1331.

UCMC is also correct that to the extent that Deveaux's claim can be construed as a claim under Title II of the Civil Rights Act, she does not dispute that she failed to give the appropriate notice. Title II of the Civil Rights Act of 1964 prohibits discrimination in places of public accommodation on account of "race, color, religion, or national origin." 42 U.S.C. § 2000a(a). Further, "[i]t is well established . . . that individual plaintiffs cannot recover damages for claims brought under Title II; rather, only injunctive relief is available as a remedy." *Chaney v. Extra Space Storage Inc.*, 2022 WL 4234969, at *5 (N.D. Ill. Sept. 14, 2022), *aff'd*, 2023 WL 2609119 (7th Cir. Mar. 23, 2023); 42 U.S.C. § 2000a-3 (aggrieved persons may bring "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order . . ."). But before a person can bring a suit for injunctive relief under

5

Title II, "Section 2000a–3(c) requires that Title II plaintiffs give notice to state or local authorities when a state or local law prohibits such discrimination and the state or local authority is authorized to grant or seek relief from such discrimination." *Stearnes v. Baur's Opera House, Inc.*, 3 F.3d 1142, 1144 (7th Cir. 1993) (remanding for dismissal because Title II claim barred for lack of notice). In Illinois, a plaintiff must first notify the Illinois Department of Human Rights, as the Illinois Human Rights Act prohibits such discrimination. *Id.*; *Mehta v. Des Plaines Dev. Ltd.*, 122 F. App'x 276, 278 (7th Cir. 2005) (per curiam) (affirming dismissal of Title II claim where district court found that "in Illinois, a Title II plaintiff must give notice of the alleged discrimination to the state's Department of Human Rights before filing suit in federal court"). Deveaux does not dispute that she failed to provide this notice before filing her lawsuit. Finally, Deveaux's claims for assault and battery are quintessential state law claims. "And it is the 'rare' state-law claim that gives rise to federal-question jurisdiction. *Girard v. Girard*, 160 F.4th 845, 848 (7th Cir. 2025). Accordingly, the Court finds that it does not have federal question jurisdiction over Deveaux's claims.

That leaves diversity jurisdiction under 28 U.S.C. § 1332. District courts have diversity jurisdiction over all actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of a State and citizens . . . of a foreign state . . . ." 28 U.S.C. § 1332(a). "[D]iversity jurisdiction's basic rationale . . . [is] opening the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties." *Hertz v. Friend*, 559 U.S. 77, 85 (2010). When determining diversity of citizenship, a

6

corporation is considered a citizen of its state of incorporation and its principal place of business. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021). UCMC asserts that the parties are not diverse because UCMC is incorporated and has its principal place of business in Illinois, and Deveaux is domiciled in Illinois. Mot. Dismiss at 8. Deveaux does not allege the citizenship of any party in her complaint, and she does not dispute that both her and UCMC are citizens of Illinois. Deveaux, as the party invoking diversity jurisdiction bears the burden of showing its existence. *Page*, 2 F.4th at 634. And she fails to do so. Thus, the Court finds that no diversity jurisdiction exists.

Accordingly, the Court does not have either federal question jurisdiction or diversity jurisdiction over Deveaux's claims and must grant UCMC's motion to dismiss. *Arbaugh*, 546 U.S. at 514 ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety").

## Conclusion

For the foregoing reasons, UCMC's motion to dismiss is granted. Deveaux's claims are dismissed without prejudice. *Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015) (there is a "presumption in favor of giving plaintiffs at least one opportunity to amend"). If Deveaux believes she can assert a federal claim in accordance with Rule 11 obligations, she may file an amended complaint on or before February 27, 2026. If Deveaux fails to file an amended complaint by that date, her case will be terminated for lack of subject matter jurisdiction.

Date: February 9, 2026

_____
United States District Judge
Franklin U. Valderrama